PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
P.O. Box 5843
Oakland, CA  94605
Telephone: (510) 452-0292
Facsimile: (510) 452-5625
E-mail: pamela@pypesq.com

Attorneys for Plaintiff
JOANN MARTINEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MARTINEZ, | NO. |
| Plaintiff, | **COMPLAINT FOR EMPLOYMENT DISCRIMINATION, HOSTILE WORK ENVIRONMENT, RETALIATION, EMOTIONAL DISTRESS AND DAMAGES** |
| v. | |
| BAY AREA RESCUE MISSION, | |
| Defendant. | |

Plaintiff JOANN MARTINEZ, by and through her attorneys, alleges as follows:

**Jurisdiction and Venue**

1.      This action arises under 42 U.S.C. §2000d *et seq.* and 42 U.S.C. § 1981A *et seq*. Plaintiff invokes jurisdiction over her federal claims pursuant to the provisions of 28 U.S.C. § 1331, 1332 and 1343.  The acts and practices complained of herein occurred in Richmond, California, in Contra Costa County, within this judicial district and venue is proper here pursuant to 28 U.S.C. §1391.

2.      Jurisdiction over Plaintiffs' claims under state law is invoked pursuant to the provisions of 28 U.S.C. Section 1367.  The claims which arise under state law are so related to claims within the original jurisdiction of this Court that they form a part of the same case and controversy under Article III of the United States Constitution.

///

**Parties**

3. Plaintiff JOANN MARTINEZ is a female resident of the United States formerly employed as a manager by Defendant BAY AREA RESCUE MISSION (hereinafter referred to as "BARM").

4. Defendant BARM is now and at all times mentioned herein was, a non-profit religious organization for the establishment and operation of a mission to serve the Richmond community.

**Factual Allegations**

5. In or about June 2018, Defendant hired Ms. Martinez as the Programs Manager of its Center for Women and Children. Her immediate supervisors were VP of Programs Jonathan Russell until about September 2019, CEO John Anderson until March 2021, and subsequently, CEO Bram Begonia.

6. As the primary leadership position within the Center for Women and Children, Ms. Martinez was required to maintain administrative oversight and organization of the center's staff and daily operations including SPERO and HMIS data management, on-going staff supervision needs, programs event planning and coordination, and monthly reporting and strategic goals planning and implementation. Her administrative duties are all consistent with a secular position as the Program Manager. Her "Ministry" duties are also consistent with the secular duties of a Program Manager, not a Minister. She was not ever expected or required to participate in religious activities.

7. From the time Ms. Martinez began working for Defendant, she was treated differently because of her sex. She was routinely excluded from meetings regarding the Center for Women and Children's new building project, Bridge of Hope, that were attended exclusively by her male counterparts. This practice continued when male executives were often invited to play golf together, attend baseball games together, or welcomed to the CEOs home during business hours.

8. Despite Ms. Martinez' requests to be included in work-related functions occurring during business hours, and where business was routinely discussed, she was continually excluded along with all other female employees. On multiple occasions, when Ms. Martinez requested

routine maintenance to buildings that house the Center for Women and Children, the Maintenance Manager denied her requests on the basis that "women are too dirty."

9. Ms. Martinez reported this gender discrimination to Human Resources, but was told to ignore it. Further, all female employees were denied the opportunity to provide counseling services to male clients. Ms. Martinez has a Masters degree in Addiction Therapy and was enrolled in a PhD program for Addiction Therapy. She was not allowed to provide counseling services to clients, whereas male employees with no formal education in Addiction Therapy were allowed to provide counseling to both male and female clients.

10. In or about December 2019, Ms. Martinez was diagnosed with a disability which impacted her life activities. She immediately informed BARM's management and HR. As a result of her disability, she required regular physical and psychological therapy scheduled for times between 2 pm and 5 pm. However, shortly after Ms. Martinez requested time off for her therapy appointments, CEO Bram Begonia informed her of a new policy requiring employees to work from 9 am to 5 pm. When she inquired of other employees, Ms. Martinez' male colleagues denied being subject to or even informed of this new policy.

11. Ms. Martinez requested a modified work schedule of 7 am to 2 pm, which was the norm before Mr. Begonia's supposed policy change. This modified work schedule was necessary to allow her to attend her therapy appointments, but her request was denied. On or about April 23, 2021, she asked to speak to Mr. Begonia regarding his new work schedule policy, but Mr. Begonia responded that they could discuss the matter the following week. Ms. Martinez then reported to HR that she felt she was being targeted because of her sex and disability. The following week, on or about April 30, 2021, Defendant terminated her employment.

12. Despite Ms. Martinez's timely complaints to BARM, BARM failed to take prompt, effective remedial action to remedy the hostile environment and/or protect Ms. Martinez from harassment and retaliation.

13. On July 31, 2021, Ms. Martinez exhausted her administrative remedies by submitting dual complaints of gender discrimination and retaliation to the California Department of

Fair Employment and Housing (hereinafter "DFEH") and the Equal Employment Opportunity Commission (EEOC).  The EEOC issued a right to sue notice on her complaint on July 18, 2022.

**Damages**

14. As a result of the acts alleged herein, Plaintiff sustained loss of earnings in an amount to be determined according to proof.  In addition, Plaintiff has suffered and will continue to suffer damages to her career and reputation, in an amount to be determined according to proof.

15. As a further proximate result of the Defendant's actions as alleged herein, Plaintiff was humiliated, hurt and injured in her health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to her damage in an amount to be shown according to proof.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TITLE VII**
**GENDER DISCRIMINATION**

16. Plaintiff refers to and hereby incorporate by reference Paragraphs 1 through 15, as if fully set forth herein.

17. This action is brought pursuant to Title VII to obtain relief for sex discrimination Ms. Martinez suffered in her employment.

18. During the entire period that Ms. Martinez was employed by BARM, she suffered disparate treatment because of her gender. On multiple occasions, she was excluded from activities that similarly-situated male employees were allowed to participate in, and denied promotional opportunities that similarly-situated male employees were routinely given. Plaintiff perceived her working environment to be infected with sexual animus and hostility, and a reasonable woman in her circumstances would have been offended and considered the work environment sexually hostile.

19. Defendant's managers were all Ms. Martinez' supervisors and Defendant BARM is strictly liable for their disparate treatment of Ms. Martinez.  Defendant BARM was fully aware of their disparate treatment of Plaintiff due to her gender and failed to take prompt, effective action to

remedy the situation, or take any remedial steps to protect Ms. Martinez, or any other female employees.

20. In doing each and all of the acts alleged herein, Defendant BARM intentionally, wilfully and without justification, deprived each Plaintiff of her rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from intentional discrimination based on sex in the terms and conditions of her employment as provided by Title VII.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII
### RETALIATION

21. Plaintiff refers to and hereby incorporate by reference Paragraphs 1 through 20, as if fully set forth herein.

22. This action is brought pursuant to Title VII to obtain relief for retaliation Plaintiff suffered in her employment.

23. Commencing in or about June 2018, Ms. Martinez had a reasonable good faith belief that Defendant BARM's conduct and actions toward her and other female employees and female clients constituted unlawful discrimination because of their sex.  Ms. Martinez complained to Defendant BARM on multiple occasions about the disparate treatment of women in its programs and employment.

24. As a result of Ms. Martinez's protected activity, Defendant BARM subjected her to adverse treatment, including, but not limited to, applying extra scrutiny to her work, making unjustified criticisms of her work, making false and misleading statements about her to others, refusing to allow her to apply for promotion, and denying her access to benefits of her employment, and ultimately terminating her employment in April 2021.  Ms. Martinez's protected activity was a substantial or motivating factor for Defendant's retaliatory conduct toward her.

25. The foregoing acts are illustrative only of the retaliation Ms. Martinez was subjected to; these are not intended to be exhaustive or the only conduct of which she complains herein.  The

retaliation was carried out by various supervisors to whom Ms. Martinez reported. The retaliation was ongoing and constituted a continuing violation of the law up to the date that Ms. Martinez was terminated in retaliation for her complaint about discrimination.

26. Despite knowledge and adequate opportunity to investigate and/or stop the misconduct of its managers, agents and employees, Defendant BARM failed to take prompt, effective remedial action to respond to the complaints of gender discrimination and/or retaliation, and thereafter adopted, approved and ratified the acts, omissions and misconduct of its managers.

27. In doing each and all of the acts alleged herein, Defendant BARM intentionally, wilfully and without justification, deprived Plaintiff Martinez of her rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from retaliation, as provided by Title VII.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### VIOLATION OF TITLE VII
### HOSTILE WORK ENVIRONMENT

28. Plaintiff refers to and hereby incorporate by reference Paragraphs 1 through 27, as if fully set forth herein.

29. This action is brought pursuant to Title VII to obtain relief for sex discrimination Ms. Martinez suffered in her employment based on a sexually hostile work environment.

30. The hostile conduct of the managers and male employees toward Ms. Martinez because of her gender was sufficiently severe and pervasive to alter the conditions of her employment and create a sexually hostile work environment.  Plaintiff perceived her working environment to be infected with sexual animus and hostility, and a reasonable woman in her circumstances would have been offended and consider the work environment sexually hostile.

31. Defendant's managers were all Ms. Martinez' supervisors and Defendant BARM is strictly liable for their disparate treatment of Ms. Martinez.  Defendant BARM was fully aware of their disparate treatment of Plaintiff due to her gender and failed to take prompt, effective action to remedy the situation, or take any remedial steps to protect Ms. Martinez, or any other female

employees.

32. In doing each and all of the acts alleged herein, Defendant BARM intentionally, wilfully and without justification, deprived each Plaintiff of her rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from intentional discrimination based on sex as provided by Title VII.

**WHEREFORE,** Plaintiff requests relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION

33. Plaintiff refers to and hereby incorporate by reference Paragraphs 1 through 32, as if fully set forth herein.

34. This action is brought pursuant to Title I, to obtain relief for Ms. Martinez for discrimination Ms. Martinez suffered in employment because of her physical disability.

35. Ms. Martinez has a disability within the meaning of the ADA. As a disabled person, Ms. Martinez is a member of a protected group under Title I and Title II of the Americans with Disabilities Act (42 U.S.C. §12101 et seq.).

36. On multiple occasions, Ms. Martinez requested an accommodation for her disability and was denied any accommodation, and Defendant BARM failed and refused to engage in the interactive process to make reasonable accommodations for Ms. Martinez's disability.

37. Defendant BARM has a duty to accommodate Ms. Martinez's disability and failed to do so, instead penalizing her because of her disability. Ms. Martinez's disabled status was a motivating factor in Defendants' conduct toward her.

**WHEREFORE,** Plaintiff prays for judgment against Defendant BARM as follows:

1. Compensatory, statutory and special damages, including but not limited to, lost and future wages and benefits, and damages for mental and emotional distress, in excess of $250,000 to be determined at the time of trial;

2. For prejudgment interest at the legal rate upon the amount of Plaintiff's monetary losses;

///

1        3.     Injunctive relief against Defendant BARM, its agents and employees, enjoining them from denying, or aiding or inciting the denial of, the civil rights of any employees on the basis of gender, compelling Defendant to take affirmative steps to ensure a safe and fair work environment for its female employees, and requiring Defendant to take any and all necessary steps to properly train its managers and directors to report, monitor and respond to complaints of sexual harassment, gender discrimination and/or retaliation.

       4.     Punitive and exemplary damages in an amount appropriate to punish and make an example of each defendant to be determined at the time of trial;

       5.     Costs of suit incurred herein, including reasonable attorneys' fees; and

       6.     Such other and further relief as the Court deems just and proper.

Dated: October 14, 2022                             PAMELA Y. PRICE, ATTORNEY AT LAW

                                                      *Pamela Y. Price*
                                        PAMELA Y. PRICE, Attorneys for Plaintiff
                                        JOANN MARTINEZ

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable to a jury in each and every cause of action of their Complaint.

Dated: October 14, 2022                              PAMELA Y. PRICE, ATTORNEY AT LAW

*Pamela Y. Price*
PAMELA Y. PRICE, Attorneys for Plaintiff
JOANN MARTINEZ