IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MARTINEZ,<br>    Plaintiff,<br>v.<br>BAY AREA RESCUE MISSION,<br>    Defendant. | Case No. 22-cv-06092-CRB<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND** |

Plaintiff Joann Martinez moves for leave to amend her complaint to add a new count (intentional infliction of emotional distress) and related facts arising out of her employment termination by Defendant Bay Area Rescue Mission, or BARM. Martinez brought her motion after the close of discovery and fails to adequately explain why she did not amend earlier, when any prejudice to BARM could have been avoided or minimized. Accordingly, finding the matter suitable for resolution without argument pursuant to Civil Local Rule 7-1(b), the Court **DENIES** Martinez's motion for leave to amend.

I.   **PROCEDURAL HISTORY**

In Martinez's operative complaint, filed in October 2022, she alleges that BARM violated two federal statutes when it fired her: Title VII and the Americans with Disabilities Act. Compl. (dkt. 1) ¶¶ 20, 27, 32, 37. BARM filed its answer in March 2023. Ans. (dkt. 18). After some adjustments, the Court set a discovery schedule with a fact discovery cutoff on January 31, 2025 and an expert discovery cutoff on March 20, 2025. See Disc. Order (dkt. 45) at 11–12.

In discovery, Martinez identified a psychiatrist and psychologist as witnesses on her "medical condition(s)/disability during her employment." Pl. Supp. Disc. (dkt. 54-2) at 2.

1   She never identified any potential witnesses who would testify about, or produced
2   documents or other discoverable material relating to, her mental condition <u>after</u> her
3   termination until January 24, 2025—one week before the discovery cutoff.  Farbstein Decl.
4   (dkt. 54) ¶ 9.  During Martinez's deposition on January 30, 2025, her counsel requested to
5   examine her and asked for the first time about her mental condition following her
6   termination.  <u>Id.</u> ¶ 14; Martinez Dep. (dkt. 54-5) at 509:10–19.

7         Then, a week after the fact discovery cutoff, Martinez stated that she would seek
8   leave to amend her complaint to assert a claim for intentional infliction of emotional
9   distress.  Feb. 7, 2025 Case Mgmt. Stmt. (dkt. 48) at 8.  This came in spite of Martinez's
10  earlier assertions that she would not seek to amend her complaint.  <u>See, e.g.</u>, Oct. 11, 2024
11  Case Mgmt. Stmt. (dkt. 44) at 8.  Martinez contended that her new claim was supported by
12  documents produced late in discovery—including some documents that she herself
13  produced—as well as her deposition testimony.  <u>See</u> Feb. 7, 2025 Case Mgmt. Stmt. at 8;
14  <u>see also</u> Mot. (dkt. 51) at 8.  Ultimately, Martinez filed her motion seeking leave to amend
15  on March 17, 2025.

## II.     LEGAL STANDARD

17        Because BARM has filed an answer in this case and has not consented to
18  amendment, Martinez may amend her complaint only with leave of the Court.  Fed. R. Civ.
19  P. 15(a)(2).  Though courts "freely give leave when justice so requires," <u>id.</u>, factors such as
20  "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to
21  cure deficiencies by amendments previously allowed, undue prejudice to the opposing
22  party by virtue of the amendment, [and] futility of amendment" justify denial of leave to
23  amend.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Of these factors, "the resulting
24  prejudice to the opposing party" is the "crucial factor."  <u>Howey v. United States</u>, 481 F.2d
25  1187, 1190 (9th Cir. 1973).  On the other hand, "delay alone does not provide sufficient
26  grounds for denying leave to amend."  <u>United States v. Pend Oreille Pub. Util. Dist. No. 1</u>,
27  926 F.2d 1502, 1511 (9th Cir. 1991) (cleaned up).

### III. DISCUSSION

BARM contends that four factors weigh against granting leave to amend: prejudice, undue delay, bad faith, and futility. Opp. (dkt. 53) at 15–23. The Court finds that the first two of these factors, prejudice and delay, are sufficient to deny leave to amend, and therefore does not address whether Martinez's proposed amendment is in bad faith or whether it would be futile.[1]

**Prejudice.** BARM argues that it has been prejudiced by Martinez's late disclosure of her IIED claim because BARM has already pursued its litigation strategy, including its discovery efforts, under the impression that Martinez's only claims were her federal statutory ones. Id. at 15–17. And now, of course, discovery is closed, so an amendment would require the parties to reopen discovery and expend additional time and money addressing new claims and new facts. This is the kind of prejudice to the opposing party that warrants denial of leave to amend. See Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice."); AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953–54 (9th Cir. 2006) (affirming denial of leave to amend where eight months of discovery remained but new claims "would have unfairly imposed potentially high, additional litigation costs"); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of leave to amend where "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense").

Martinez's response that the "underlying alleged facts" of her new claim were known to BARM as early as September 2024, Mot. at 8, makes little sense. A key element of an IIED claim is the effect on the plaintiff, information that BARM only learned within

---

[1] BARM argues that Martinez's proposed IIED claim would be futile because workers' compensation is the exclusive remedy for such claims. Opp. at 18–22. Martinez did not address futility in her opening brief, see Mot. at 7–9, and did not file a reply brief, so the Court does not have the benefit of adversarial briefing on this issue.

3

a week of the close of fact discovery. Wilson v. Hynek, 207 Cal. App. 4th 999, 1009 (2012). And in any event, as discussed next, this concession cuts both ways, because it shows that Martinez could and should have sought leave to amend sooner, when any prejudice resulting from the need to reopen discovery could have been avoided or minimized.

**Undue Delay.** To determine whether delay in seeking amendment is "undue," the Ninth Circuit instructs courts to consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen, 465 F.3d at 953 (citation omitted). There can be no doubt that Martinez was aware at the time she filed her initial complaint (or at least soon after) that she suffered severe enough emotional distress to bring her IIED claim. See Prop. Am. Compl. (dkt. 51-2) ¶¶ 14–15 (describing Martinez's emotional distress). Even if she waited to amend until she learned of specific extreme or outrageous conduct by BARM and its employees (as she obliquely suggests), that information appears to have come from their deposition testimony in September 2024. See Mot. at 6; Prop. Am. Compl. ¶¶ 9, 11–12; Kariuki Decl. (dkt. 51-1) ¶ 9. The fact that Martinez nevertheless waited over four months after these depositions to indicate an intent to amend her complaint and over six months to actually seek leave to amend her complaint—and in the meantime represented to BARM and the Court that she did not intend to amend her complaint, Oct. 11, 2024 Case Mgmt. Stmt. at 8—is strong evidence of undue delay, and perhaps bad faith or dilatory motive.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Martinez's motion to amend her complaint.

**IT IS SO ORDERED.**

Dated: April 28, 2025

CHARLES R. BREYER
United States District Judge